**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Roberds and Lerryn Roberds, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>County of Coconino, an Arizona municipal corporation,<br><br>Defendant. | No. CV-09-8029-PCT-DGC<br><br>**ORDER** |

John Roberds worked in the public works department of Coconino County for more than ten years. On January 19, 2007, Roberds submitted a notice of constructive discharge on the ground that his working conditions had become intolerable. The County placed Roberds on paid administrative leave and conducted an investigation into his complaints. On February 16, 2007, the County sent Roberds a letter directing him to report for work in three days. Roberds did not report to work. He received a termination notice on March 2, 2007, and his appeal from that notice ultimately was denied on June 5, 2008.

Roberds filed a complaint against the County on February 26, 2009. The complaint asserts violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. ("ADA"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"). Roberds alleges that the County unlawfully discriminated and retaliated against him by refusing to accommodate his disability, by denying him promotions, by assigning him demeaning tasks below his level of seniority, and by verbally harassing him. Dkt. #1.

The County has filed a motion for summary judgment. Dkt. #36. The motion is fully briefed. Dkt. ##45, 52. For reasons that follow, the Court will grant the motion.[1]

**I.      Summary Judgment Standard.**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**II.     Analysis.**

The County argues that Roberds' claims are time barred because he failed to file an administrative charge of discrimination within 300 days of the alleged discriminatory acts and has not shown that the limitation period should be equitably tolled. Dkt. ##36, 52. The Court agrees.

**A.     The 300-Day Limitation Period.**

To bring a civil action under the ADA and ADEA, the plaintiff must first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and must file it within 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(B). "Each discrete discriminatory act starts a new clock for filing charges[.]" *Nat'l R.R. Passenger Corp. v.*

---

[1]The County's request for oral argument is denied because the parties have fully briefed the issues and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

*Morgan*, 536 U.S. 101, 113 (2002). "[D]iscriminatory acts are not actionable if time barred[.]" *Id.*; *see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (filing of a timely charge of discrimination is a statutory prerequisite to bringing suit).

Each act of discrimination and retaliation alleged in the complaint occurred on or before Roberds' last day of work on January 19, 2007. Dkt. #1. The complaint's allegations are consistent with the charge of discrimination Roberds filed with the EEOC, which indicates that the last act of discrimination took place on "01-19-07." Indeed, Roberds specifically admits that his EEOC charge alleged "retaliation, age discrimination, and disability discrimination *occurring on or before January 19, 2007*." Dkt. #46 at 3, ¶ 9 (emphasis added). Roberds filed his EEOC charge on September 28, 2008, 619 days after the last alleged unlawful employment practice occurred. *Id.*; Dkt. #37-1 at 26. His claims, therefore, "are untimely filed and no longer actionable." *Morgan*, 536 U.S. at 115; *see Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) (ADA claim time barred where charge of discrimination was filed outside the 300-day limit); *Funk v. Sperry Corp.*, 842 F.2d 1129, 1134 (9th Cir. 1988) (ADEA claim time barred where the plaintiff did not file his charge of discrimination within 300 days of the last day he worked for the defendant); *Pejic v. Hughes Helicopters, Inc.*, 840 F.2d 667, 675 (9th Cir. 1988) (ADEA claim time barred); *see also Rodrigues-Wong v. City & County of Honolulu*, No. 08-00520 LEK, 2009 WL 3762928, at *10 (D. Haw. Nov. 9, 2009) (retaliation claim time barred); *Awofala v. Cent. Parking Sys. of Va*, 630 F. Supp. 2d 64, 69 (D.D.C. 2009) (failure-to-promote claim time barred); *Covarrubias v. Brink's, Inc.*, No. C05-5196, 2006 WL 3203733, at *3 (W.D. Wash. Nov. 3, 2006) (claims based on discriminatory reprimands time barred).

Roberds contends that his EEOC charge was timely because his termination did not become final until June 5, 2008, when it was sustained by the County appeals board. Dkt. #45 at 2-11. But termination is not one of the unlawful employment practices alleged in the complaint. Roberds' claims are based on the refusal to accommodate his disability, the denial of promotions, the assignment of demeaning tasks, and verbal harassment by coworkers. Dkt. #1 ¶¶ 66, 72, 76-78. Those alleged acts occurred before Roberds tendered

his notice of constructive discharge on January 19, 2007. *Id.* ¶¶ 15-60; *see* Dkt. #37-1 at 26. Roberds did not file an EEOC charge within 300 days of any of the unlawful acts alleged in the complaint. Absent equitable relief from the 300-day limitation period, the complaint is time-barred.

### B.     Equitable Tolling.

The 300-day limitation period may be equitably tolled "if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria*, 202 F.3d at 1178. The inquiry "focuses on whether there was excusable delay by the plaintiff." *Id.* Equitable tolling applies only where "a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period[.]" *Id.*

Roberds asserts that equitable tolling should apply because he justifiably sought to challenge his termination through Arizona's public employee merit system, and reasonably believed that his termination did not become final until June 5, 2008. Dkt. #45 at 12-14. As explained more fully above, however, Roberds' termination is not part of the ADA and ADEA claims asserted in the complaint.

The equitable tolling doctrine is to be applied "sparingly" and only in "extreme cases." *Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir. 1992). The doctrine "will not excuse the untimely filing of an EEOC charge by a plaintiff who, within the time limit, knew or should have known of the existence of a possible [unlawful] discrimination claim." *Santa Maria*, 202 F.3d at 1173. The unlawful acts alleged in the complaint began as early as 2003 (Dkt. #1 ¶¶ 15-21) and ended on January 19, 2007 (*id.* ¶ 60). Roberds has not shown that, despite his due diligence, he was unable to discover facts during the limitations period suggesting that he was a victim of unlawful discrimination and retaliation. Equitable tolling does not save Roberds' time-barred complaint.

**IT IS ORDERED:**

1. Defendant Coconino County's motion for summary judgment (Dkt. #36) is **granted**.

2. Plaintiffs' motion in limine to exclude Defendant's human resources expert

1 (Dkt. #54) is **denied** as moot.

2    3. The Clerk is directed to **terminate** this action.

DATED this 4th day of January, 2010.

*David G. Campbell*
United States District Judge